UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ARROYO HINOJOSA, | ) Case No. SA CV 12-1294 MRW ) |
| Petitioner, | ) ORDER DISMISSING ACTION ) |
| vs. | ) ) |
| SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY, | ) ) ) |
| Respondent. | ) ) |

## I. SUMMARY OF DECISION

Petitioner is a state prisoner. He seeks "coram nobis" relief from previous state criminal convictions. However, Petitioner cannot pursue this relief in federal court for his state convictions. Moreover, even if the Court were to consider Petitioner's action as one seeking a writ of habeas corpus, the action has been time-barred for years and suffers from other patent procedural defects under federal law. The Court therefore dismisses the action without prejudice.

## II. FACTS AND PROCEDURAL BACKGROUND

In 1997, Petitioner pled guilty in state superior court to charges of kidnapping and corporal injury to the mother of a child. He originally received a suspended sentence of five years in state prison and a term of probation. (Lodgment # 1 at 9.) However, after he admitted to a probation violation in 2001, the superior court sentenced Petitioner to four years in prison. (Id. at 13.) Petitioner apparently served only a short prison term because of time served and credits he earned: he was released from custody in mid-2001.[1] (Lodgment # 9 at 8.) Federal immigration authorities apparently have placed a detainer on Petitioner. As a result, Petitioner believes that his 1997 convictions will lead to his deportation upon his future release from state custody.

For this reason, he filed coram nobis actions[2] in the state courts regarding his 1997 convictions. (Lodgment # 5.) In those actions, Petitioner contended that his trial attorney did not inform him of the immigration-related consequences of his plea. (Docket # 5 at 5.) Petitioner failed to obtain relief from the state courts. Moreover, in his last action before the state supreme court, his action was dismissed as untimely. (Lodgment # 12.)

Petitioner filed an action in this Court using a form habeas corpus petition under 28 U.S.C. § 2254. (Docket # 1.) However, the petition makes clear that Petitioner continues to seek coram nobis relief from the 1997 convictions. The

---

[1] Petitioner was subsequently convicted in 2003 of robbery and street terrorism. He is still in state prison based on his 2003 convictions. A separate federal habeas action challenging those convictions is pending in this Court. Hinojosa v. Gipson, SA CV 12-965 GAF (MRW) (C.D. Cal.).

[2] A request for a writ of coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." Estate of McKinney By and Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995).

1  Attorney General moved to dismiss the federal petition by arguing that the action is
2  untimely under AEDPA. (Docket # 14-1.) The Court previously instructed
3  Petitioner to address the timeliness of his filing. (Docket # 3.) Petitioner
4  complied, and provided additional information in response to the Court's order and
5  the dismissal motion. (Docket # 5, 22.)

## III. DISCUSSION

This Court lacks jurisdiction over the petition, regardless of whether it is construed as a coram nobis action or a habeas corpus petition

Coram nobis is a method by which a criminal defendant may challenge a federal conviction. However, coram nobis relief "is not available in federal court to attack a state court conviction." Casas-Catrillon v. Warden, 265 F. App'x 639, *1 (9th Cir. 2008) (collecting cases). This particular form of relief is "limited by tradition and rule [ ] and cannot be used as a substitute for habeas corpus." Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962); see also Martinez v. Lockyer, 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus, or some other type of relief."); c.f. United States v. Kwan, 407 F.3d 1005 (9th Cir. 2005) (coram nobis relief available for federal felon seeking extraordinary review of conviction in federal court). Put another way, a coram nobis action is proper only in "the court whose ruling is being challenged." Robinson v. California, No. CV 12-4285 SJO (E) 2012 WL 1987167, at*1 (C.D. Cal. June 1, 2012).

Petitioner seeks to expunge or vacate his state kidnapping and corporal injury convictions from the 1990s. He has already served the sentence he received on those state court convictions. As a result, Petitioner is precluded from obtaining coram nobis relief in this federal court for his expired state convictions. The Court

3

has no jurisdiction over his claim. For this reason, the action should be dismissed without prejudice.

Moreover, even if the petition could be construed as a habeas action under 28 U.S.C. §§ 2254 or 2241, Petitioner still would not be entitled to relief. Petitioner is no longer "in custody" as a result of the 1997 convictions. He already served the sentence he received on those convictions, was released to the community, and has been reincarcerated on newer criminal charges in a different criminal case. A federal court lacks jurisdiction over a habeas petition where the petitioner is not "in custody" or "suffers no present restraint from a conviction." Maleng v. Cook, 490 U.S. 488, 492 (1989). The possibility of future potential deportation is "not sufficient to render the petitioner in custody for the purposes of a habeas petition." Martinez, 453 F. Supp. 3d at 1152.

Finally, as the Attorney General argued in its motion, Petitioner's claim is obviously untimely under AEDPA. State prisoners ordinarily have a one-year period from when their judgment became final to seek federal habeas review. 28 U.S.C. § 2244(d)(1).[3] In this action, Petitioner's criminal case became final in 2001 (at the latest) when the time for direct appeal following his resentencing

---

[3] In his subsequent filings, Petitioner failed to establish that he was entitled to a later accrual date for the AEDPA filing period or any claim for equitable tolling. At most, Petitioner contends that he did not learn about the immigration detainer until an annual prison review in 2011. (Docket # 5 at 3.) That claim is insufficient to restart his AEDPA clock or demonstrate extraordinary circumstances in his case. Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Chaidez v. United States, ___ U.S. ___, 2013 WL 610201 (Feb. 20, 2013) (decision in Padilla v. Kentucky, 559 U.S. 356 (2010), regarding ineffective assistance of counsel in immigration context does not apply retroactively to final convictions).

expired. His 2012 federal filing was well after the expiration of the limitations period.[4]

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the motion to dismiss the petition be GRANTED and the action is DISMISSED without prejudice.

DATED: March 4, 2013

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[4] As an additional barrier to relief, it appears that Petitioner's habeas claim may be subject to a procedural bar. The state supreme court declined to review Petitioner's claim because it was untimely. (Lodgment # 12.) When a California court denies review on the merits of a claim due to untimeliness, the prisoner is procedurally defaulted from raising that claim on federal habeas review. Walker v. Martin, \_\_\_ U.S. \_\_\_, 131 S. Ct. 1120, 1128-30 (2011). Petitioner appears to fall within this procedural bar, and is not entitled to relief from it under Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011).